IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VERONICA RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action File No. |
| | § | _____ |
| GEORGIA BOARD OF REGENTS, | § | |
| and | § | |
| KENNESAW STATE UNIVERSITY, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Veronica Richardson ("Plaintiff"), by and through her counsel, James E. Voyles, to file her Complaint in this action against the Georgia Board of Regents and Kennesaw State University ("Defendant"), and avers and alleges as follows: Defendant discriminated against Plaintiff through, inter alia: (a) disparate treatment; (b) racial harassment; and (c) retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

Plaintiff seeks to be made whole through declaratory and injunctive relief; back pay; front pay; compensatory, nominal, and punitive damages; and attorneys'

fees, costs, and expenses to redress Defendant's pervasive and discriminatory actions.

## I.   <u>JURISDICTION</u>

### 1.

This is an action for racial discrimination, retaliation pursuant to 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, and for race discrimination and retaliation pursuant to 42 U.S.C. §2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991).

### 2.

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1332; this action involves federal questions regarding the deprivation of Veronica Richardson's rights under § 1981 and arises under the laws of the United States, to wit, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

### 3.

The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §2201 and 2202.

4.

Venue is proper in this District as herein defined pursuant to 28 U.S.C. §1391(b) & (c) because the wrongful conduct complained of herein occurred in this District; Defendant transacts substantial business in this District, and Defendant maintains employment records related to this action in Georgia.

5.

The employment practices hereinafter alleged to be unlawful were and are now being committed in the Northern District of Georgia.

6.

The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## II.   PROCEDURAL ADMINISTRATIVE REQUIREMENTS

7.

Plaintiff has exhausted her administrative remedies and has complied with the statutory prerequisites of Title VII by filing charges with the Equal Employment Opportunity Commission (Attachment 1) alleging race/color, and retaliation discrimination. She has received her Right to Sue Letter

(Attachment 2) from the Equal Employment Opportunity Commission on these allegations.

### III.    <u>NATURE OF THE CLAIMS</u>

8.

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of discrimination through (a) disparate treatment; (b) racial harassment; and (c) retaliation, and to make Veronica Richardson whole. Defendant discriminated against Plaintiff, an African-American, female.

### IV.    <u>PARTIES</u>

9.

Plaintiff, an African-American female, is a qualified individual. Plaintiff is a resident of Holly Springs, Georgia.

10.

Defendant hired Plaintiff September 2, 2003 as a Secretary (Administrative Associate II) to the Dean in the Department of Health & Human Services.

11.

At all times relevant to this matter, Plaintiff has been employed by KSU as an Administrative Assistant II in various departments since September 2, 2003. She was involuntarily terminated on April 17, 2015.

12.

At all times relevant, Defendant has been and is now a public university doing operating in the State of Georgia and has continuously had more than five thousand (5000) employees.

13.

Plaintiff is informed and believes and, based thereon, alleges, that at all times mentioned herein, KSU's supervisors and directors relevant to this action were the agents, servants and employees, co-ventures and co-conspirators of KSU and were, at all times herein mentioned, acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture, and conspiracy.

14.

KSU has a conscious pattern and practice of denying promotions to African-American employees.

15.

Similarly situated white employees treated more favorably than Plaintiff who is an African-American employee.

16.

Plaintiff was terminated for behavior similar to that of white employees who were not terminated.

## V.   <u>FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS</u>

17.

Defendant has been and is now a public university doing operating in the State of Georgia and has continuously had more than five thousand (5000) employees.

18.

Defendant hired Plaintiff on September 2, 2003 as a Secretary (Administrative Associate II) to the Dean in the Department of Health & Human Services.

19.

Plaintiff worked for Kennesaw State University for 11 years in the same position as Secretary to the Dean (Administrative Associate II).

Plaintiff was the only African-American Secretary to a Dean out of 7+ Secretaries to Deans.

20.

During her 11 years as Secretary to Dr. Richard Sowell, Plaintiff received good remarks on all her evaluations, received letters of recommendation from various co-workers and supervisors, recognition awards for her supporting role, and numerous gifts of appreciation.

21.

On or about July 1, 2014, her previous supervisor (Dr. Richard Sowell) was removed from his position as Dean of the WellStar College of Health and Human Services, along with the Associate Dean (Dr. Laurie Tis). On or about July 1, 2014, Dr. Monica Nandan ("Dr. Nandan") was appointed interim Dean of the WellStar College of Health and Human Services.

22.

Plaintiff began experiencing intimidation and harassment almost immediately upon Dr. Nandan becoming the interim Dean. Plaintiff was harassed every day in person and by continuous complaining emails about

her work assignments not being completed properly or in a timely fashion from the time she walked in until she left.

23.

On or about July 2014 and throughout Plaintiff's employment under Dr. Nandan, she was consistently harassed regarding the location of her computer screen, closing her door to engage in confidential conversations or data and any other action Dr. Nandan disapproved of.

24.

In July 2014, Plaintiff informed the legal department (Dr. Flora Devine, General Counsel) of Dr. Nandan's actions and goal to fire her the first week she took over as Interim, as she had done to the secretary of 10 yrs. (Cheryl Hoffman) in her previous department in Human Services and Social Work. Dr. Devine told Plaintiff "She can't fire you, she's just an Interim."

25.

On or about September 2014, Dr. Nandan requested Plaintiff to use her personal vehicle to go get her lunch food. Plaintiff requested a meeting with her, told her that she should know that doing personal favors for supervisors was in violation of mandatory employee's yearly ethics training,

reminded her that she had a state procurement credit card for approved KSU purchases and deliveries, and returned her cash in an envelope. Though Plaintiff had discussed her issue with Dr. Nandan's personal requests, Dr. Nandan continued to ask her to perform personal tasks that were always denied by Plaintiff with the same explanation.

26.

In early 2015, Plaintiff reported Dr. Nandan's intimidating conduct to Human Resources (Ms. Aseel Karma). Ms. Karma told Plaintiff that since Dr. Nandan was her supervisor, she should do everything to get along with Dr. Nandan and so she should do whatever she asked, including personal tasks.

27.

On or about March 17, 2015, Dr. Nandan completed an evaluation on Plaintiff as well as a Performance Improvement Notice stating that Plaintiff required corrective action in 13 out of 14 areas on her evaluation, although Plaintiff had never received any evaluations in any prior years with those remarks.

28.

On or about March 20, 2015, Ms. Nwakaego Nkumeh (Associate Legal Counsel) from the Legal Department called Plaintiff and informed her that someone had anonymously turned in Dr. Nandan for bullying Plaintiff on the KSU Employee Hotline (available for employees too scared to self-identify violations of policy or laws). Ms. Nkumeh said the charges were so serious, they had to investigate. Ms. Nkumeh asked if Plaintiff was being bullied and Plaintiff told her yes. Plaintiff described the harassment and disparate treatment that Dr. Nandan had been systematically doing to her to since the day she was appointed Interim Dean. Plaintiff discussed with Ms. Nkumeh that not only was Dr. Nandan bullying her, but she was also using intimidation and fear to make her leave her job. Ms. Nkumeh said that the conduct would be investigated.

29.

Plaintiff went on a scheduled vacation from March 23, 2015 and returned April 3, 2015. Plaintiff was fired two weeks later on April 17, 2015.

# VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII"), 42 U.S.C. § 2000e, et seq. and § 1981, 1981(b) & 1991

30.

Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 29 and incorporates the same herein as though fully set forth.

31.

KSU engaged in a pattern and practice of unlawful racial discrimination by subjecting Plaintiff to a racially hostile environment.

32.

The above-described unwelcome racial discrimination created an intimidating, oppressive, hostile and offensive work environment that interfered with Plaintiff's emotional well-being.

33.

KSU at all times relevant hereto had actual and constructive knowledge of the conduct described above.

34.

As a result of the hostile and offensive work environment perpetrated by KSU and maintained by KSU, and because of KSU's failure to protect Plaintiff from further discrimination, Plaintiff has suffered severe emotional distress, loss of employment and loss of income and other benefits of employment.

35.

KSU violated the law by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of KSU employees, agents and supervisors as described above.

36.

KSU failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate racial discrimination from the workplace and to prevent it from occurring in the future.

37.

Plaintiff is informed and believes and, based thereon, alleges that in addition to the practices enumerated above, KSU has engaged in other discriminatory practices against them which are not yet fully known.   At

such time as said discriminatory practices become known to them, Plaintiff will seek leave of Court to amend this Complaint to include such practices.

38.

As a direct and proximate result of KSU's willful, knowing and intentional discrimination against them, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she continues to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

39.

As a further direct and proximate result of KSU's violation of existing law, as heretofore described, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorneys' fees be awarded.

40.

Plaintiff is informed and believe and, based thereon, alleges that the outrageous conduct of KSU described above was done with oppression and malice; with a conscious disregard for her rights; and with intent, design and purpose of injuring them.  Plaintiff is further informed and believes that KSU through its officers, managing agents and/or its supervisors, authorized, condoned and/ or ratified the unlawful conduct.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from KSU in a sum according to proof to be presented at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF EQUAL PAY ACT OF 1963, 29 U.S.C. § 206(d)

41.

Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40, and incorporates the same by reference as though fully set forth herein.

42.

Because of her race, Plaintiff was paid $10,000 - $12,000 per year less than white employees. This discrimination included, but was not limited to

pay disparity, denial of opportunities for professional advancement, and favorable treatment towards white employees by Defendants.

43.

KSU had no legitimate reasons for its actions.

44.

As a direct and proximate result of KSU's willful, knowing and intentional discrimination against them, Plaintiff suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

THIRD CAUSE OF ACTION

Retaliation

45.

Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35, and incorporates the same by reference as though fully set forth herein.

46.

As herein alleged, KSU illegally retaliated against Plaintiff by subjecting her to unjust discipline by discharging Plaintiff solely because she had complained of and/or reported racial discrimination.

47.

Plaintiff is informed and believes, and based hereon alleges, that in addition to the practices enumerated above, KSU may have engaged in other discriminatory practices against them which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint to included such practices.

48.

As a direct and proximate result of KSU's willful, knowing and intentional discrimination and retaliation against them, Plaintiff suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

49.

As a further, direct and proximate result of KSU's violation of existing law, as heretofore described, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her.  Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorneys' fees be awarded.

50.

Plaintiff is informed and believes and based thereon, alleges that the outrageous conduct of KSU described above was done with malice and oppression; with a conscious disregard for her rights; and with intent, design and purpose of injuring her.  KSU, through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from KSU in a sum according to be proved at trial.

## FOURTH CAUSE OF ACTION

## Termination in Violation of Title VII

### 51.

Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 50 and incorporates the same herein as though fully set forth.

### 52.

Plaintiff is informed and believes and, based thereon, alleges that she was terminated from her employment as a consequence of her race and for reporting the racial discrimination to which she was subjected by KSU.

### 53.

It is the public policy of the United States as expressed in Title VII, that individuals shall not be discriminated against in her employment on the basis of her race (by being racially harassed or discriminated against), or based upon the fact that they have made a report of racial discrimination; by its actions KSU violated this public policy.

### 54.

As a direct and proximate result of KSU's constructive termination of Plaintiff in violation of public policy, Plaintiff has suffered and will continue

to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

55.

Plaintiff is informed and believes and, based thereon, alleges that the outrageous conduct of KSU described above was done with malice oppression; with a conscious disregard for her rights; and with intent, design and purpose of injuring. KSU through its officers, managing agents and/or supervisors authorized, condoned and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from KSU in a sum according to proof to be presented at trial.

56.

KSU's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. The acts of KSU were performed with the knowledge of an employer's economic power over its employees. KSU, through its officers, managing agents and/or supervisors,

authorized, condoned and ratified the unlawful conduct. Consequently, Plaintiff is entitled to punitive damages.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

#### 57.

Plaintiff repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 56 and incorporates the same herein as though fully set forth.

#### 58.

In failing to protect Plaintiff from the continuing racial discrimination and other offensive conduct of KSU described herein, and, further, in perpetrating racial discrimination itself; as well as suspending, demoting, failing to promote or terminating the employment of Plaintiff in retaliation for reporting racial discrimination, KSU abused its special position as Plaintiff's superior that vested it with substantial power to control her work environment and to damage her interests and well-being.

59.

Through the outrageous conduct described above, KSU acted with the intent to cause, or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

60.

As a direct and proximate result of KSU's action, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.   Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

61.

KSU's conduct as described herein was malicious and oppressive, and done with a conscious disregard to Plaintiff's rights.  The acts of KSU were performed with the knowledge of an employer's economic power over its employees. KSU, through its officers, managing agents, and supervisors, authorized, condoned and ratified the unlawful conduct of the KSU in this action. Consequently, Plaintiff is entitled to punitive damages.

## SIXTH CAUSE OF ACTION

## Negligent Supervision

### 62.

Plaintiff repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 61 and incorporates the same herein as though fully set forth.

### 63.

KSU, knew, or reasonably should have known, that Plaintiff's supervisors were engaging in the unlawful behavior described herein.

### 64.

At all times material herein, KSU knew, or reasonably should have known, that the conduct, acts, and failures to act of KSU and/or KSU supervisors, agents and employees as described herein above violated Plaintiff's rights.

### 65.

At all times material herein, KSU knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiff,

including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

66.

At all times material herein KSU, knew, or in the exercise of reasonable care should have known, that unless KSU intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act, of KSU supervisors, agents or employees as alleged, herein, said conduct, acts, and failures to act would continue, thereby subjecting Plaintiff to personal injury, emotional distress, loss of wages, loss of employment and loss of employment benefits.

67.

KSU knew, or in the exercise of reasonable care should have known, that unless KSU intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein, KSU's failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

68.

At all times material herein, KSU, had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of all KSU supervisors, agents or employees as described herein above.

69.

Despite said knowledge, power, and duty, KSU negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff.

70.

As a direct and proximate result of the failure of KSU to protect Plaintiff and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of KSU supervisors, agents or employees as alleged herein, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act.

71.

At all-time material herein, the failure of KSU to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of supervisors, agents or employees violated Plaintiff's right under federal, state, and municipal statutes, codes and ordinances.

72.

As a direct and proximate result of KSU's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

73.

KSU's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights.  The acts of KSU were performed with the knowledge of an employer's economic power over its employees.  KSU, through its officers, managing agents and/or supervisors,

authorized condoned and ratified the unlawful. Consequently, Plaintiff is entitled to punitive damages from KSU.

## SEVENTH CAUSE OF ACTION

## Unlawful Discharge Because of Race

### 74.

Plaintiff repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 73 and incorporates the same herein as though fully set forth.

### 75.

Plaintiff was constructively discharged from her position because of her race.

### 76.

Because of her wrongful discharge, Plaintiff suffered loss of pay, loss of promotion, and loss of opportunity for future employment.

### 77.

KSU's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights.  The acts of KSU were performed with the knowledge of an employer's economic power over its employees.  KSU, through its officers, managing agents and/or supervisors,

authorized condoned and ratified the unlawful conduct.   Consequently, Plaintiff is entitled to punitive damages from KSU.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray the following:

a.   That process issue;

b.   That the KSU herein be served with summons and complaint;

c.   That Plaintiff's case be tried before a jury with regard to all issues so triable;

d.   That Plaintiff have and recover from KSU back pay and benefits due and payable;

e.   That Plaintiff have and recover from KSU front pay and benefits;

f.   That Plaintiff have and recover from KSU compensatory damages for her emotional pain and suffering as a result of the acts of KSU in an amount to be determined by a jury;

g.   That Plaintiff have and recover from KSU punitive damages in an amount to be determined by a jury;

h.   That Plaintiff have and recover from KSU her reasonable attorney's fees and cost incurred in this action, plus interest;

    i.      That, in lieu of front pay, Plaintiff be reinstated in her prior position; and,

    j.      For such other just and further relief as this Court deems just and proper; and,

<u>As to the First Cause of Action:</u>

1. That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof presented at trial;

2. That Plaintiff be awarded punitive damages in an amount according to proof presented at trial;

3. That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4. That Plaintiff be awarded such other and further relief as the Court deems just and                 proper.

<u>As to the Second Cause of Action:</u>

1. That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in and amount according to proof at trial;

2. That Plaintiff be awarded punitive damages in an amount

according to proof to be presented at trial;

3.  That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4.  That Plaintiff be awarded such other and further relief as the Court deems just and proper.

As to the Third Cause of Action:

1.  That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial; and

2.  That Plaintiff be awarded punitive damages in an amount according to proof to be presented at trial;

3.  That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4.  That Plaintiff be awarded such other and further relief as the Court deems just and proper.

As to the Fourth Cause of Action:

1.  That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof presented at trial;

2. That Plaintiff be awarded punitive damages in an amount according to proof presented at trial;

3. That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

As to the Fifth Cause of Action:

1. That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof presented at trial;

2. That Plaintiff be awarded punitive damages in an amount according to proof presented at trial;

3. That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

As to the Sixth Cause of Action:

1. That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof presented at trial;

2. That Plaintiff be awarded punitive damages in an amount according to proof presented at trial;

3. That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

As to the Seventh Cause of Action:

1. That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof presented at trial;

2. That Plaintiff be awarded punitive damages in an amount according to proof presented at trial;

3. That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4. That Plaintiff be awarded such other and further relief as the Court

deems just and proper.

## VIII.   JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted this the 22nd day of August, 2017.

s/ James E. Voyles
James Everett Voyles
Ga. Bar No. 729016
600 Village Trace, Suite 200
Marietta, Georgia 30067
(770) 999-6700
(770) 999-6701
jvoyles@voyleslaw.com
